UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED U.S. DISTRICT COURT SAVANNAH DIV. JUL -1 2015 CLERK SO. DIST OF GA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR415-091 |
| ) | |
| HERBERT LEWIS ) | |

## REPORT AND RECOMMENDATION

Herbert Lewis contends that the officers who effected his arrest violated the Fourth Amendment when they proceeded to conduct a warrantless search of the vehicle in which he was riding as a passenger. Doc. 20. That search uncovered the firearm and other evidence central to his prosecution. The government seeks to uphold the search on the primary ground that it was a proper protective measure incident to defendant's arrest. As a secondary ground, it relies upon the "automobile exception" to the Fourth Amendment warrant requirement. The Court finds that, under *Arizona v. Gant*, 556 U.S. 332 (2009), this is one of the "rare" vehicle search cases in which the search-incident-to-arrest exception still applies. *Id.* at 343 n. 4.

# I. FACTS[1]

On December 16, 2014, someone broke into a home in Walthourville, Georgia and shot one of the occupants in the face with a shotgun. Liberty County Sheriff's Department investigators identified defendant as a prime suspect and obtained a warrant for his arrest on aggravated assault and burglary charges. Given the violent nature of the crime and defendant's criminal record, all five members of that county's Narcotics Unit were tasked with securing his arrest. Over the next two months, Detective Gary Richardson spent part of every day interviewing witnesses in an effort to locate defendant. Each of the 50 or so witnesses Richardson interviewed reported that defendant always carried a firearm, and he let people know that he was armed. Several witnesses had overheard Richardson state that he did not intend to be taken alive by law enforcement.

On January 31, 2015, a Long County officer conducting a routine traffic stop encountered defendant as a passenger in the stopped vehicle.

---

[1] The facts are drawn from the unrebutted testimony of the three government witnesses who testified at the suppression hearing. Defendant elected not to testify or offer any evidence at that hearing.

2

Because of a distinctive tattoo on defendant's forehead (located right between his eyes), the officer immediately recognized that defendant was the subject of an outstanding arrest warrant. Upon exiting the vehicle the defendant fled into a cow pasture and disappeared into a wooded area. Law enforcement efforts to track him with dogs proved to be unsuccessful.

On February 18, 2015, a confidential informant alerted a Hinesville, Georgia police detective that defendant was then in transit from Augusta, Georgia to Liberty County, traveling in a green Ford Explorer in the company of a black male and a black female. Richardson relayed this information to the U.S. Marshal fugitive squad, which was now leading the manhunt. Shortly thereafter, the Ford Explorer and its three occupants were spotted at a convenience store in Pembroke, Georgia, which was along the Explorer's expected route of travel. Numerous law enforcement vehicles then descended upon the target vehicle and blocked its passage. The officers exited their vehicles with their weapons drawn, approached the Ford Explorer, and simultaneously extracted its three occupants. Det. Richardson pointed his shotgun directly at defendant during this process. As soon as defendant was

removed from the Explorer and placed on the ground immediately next to the still-open door of the vehicle, Det. Richardson stepped over his legs and began to search the area where defendant had been seated in order to locate any weapons. At this time, the other officers were still patting defendant down and had yet to place him in restraints. When Richardson unzipped a Callaway Golf bag located directly behind defendant's seat, he observed the butt of a handgun. A further search of that bag revealed clothing containing a Georgia Department of Corrections identification in defendant's name.

## II. ANALYSIS

The police may, incident to a defendant's lawful arrest, conduct a warrantless search of "the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 752, 763 (1969). This exception to the warrant requirement "derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). "If there is *no possibility* that an arrestee could reach into the area that law enforcement officers seek to search, both

justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Id.* at 339 (emphasis added).

In *New York v. Belton*, 453 U.S. 454 (1981), the Supreme Court applied the *Chimel* warrant exception in the context of vehicle searches. *Belton* held "that when an officer lawfully arrests 'the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile' and any containers therein." *Gant*, 556 U.S. at 340.41 (quoting *Belton*, 453 U.S. at 460). *Belton's* holding reflected the Court's "assumption 'that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, if not inevitably, within the area into which an arrestee might reach.'" *Id.* at 341 (quoting *Belton*, 453 U.S. at 460). Over the ensuing years some lower courts gave a "broad reading" to the *Belton* decision, *id.* at 343, upholding vehicle searches as incident to the arrest of an occupant even where there was "no possibility the arrestee could gain access to the vehicle at the time of the search." *Id.* at 341. In *Gant*, the Supreme Court rejected such an expansive interpretation of *Belton* as inconsistent with the twin rationales for the search-incident-to-arrest doctrine announced in *Chimel* -- the protection

5

of officer safety and the preservation of evidence. The Court concluded that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 351.[2]

*Gant* makes clear that the warrantless search of a vehicle as incident to a lawful arrest cannot be justified where there is "no realistic possibility" that the arrestee could gain access to a weapon or evidence in that vehicle at the time of the search. 556 U.S. at 342. The *Chimel* exception to the warrant requirement continues to apply to vehicle searches, however, "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Id.* at 343. That is the situation in this case. Rather than conducting a routine traffic stop (as in *Gant*), here the officers were arresting a suspect who they had reason to believe was not only armed and dangerous but who

---

[2] Because the vehicle occupants in *Gant* were handcuffed and locked in the back of patrol cars at the time of the search, they could not possibly have accessed the vehicle to retrieve weapons or evidence. 556 U.S. at 344. And because Gant was arrested for a traffic offense, there was no prospect of any offense-related evidence being found within his vehicle. *Id.* The police, therefore, were not authorized to search his vehicle incident to his arrest.

had stated that he did not intend to be taken alive by the police. And unlike in *Gant*, where the defendant had been secured and locked in the back of the patrol car before the officers searched the vehicle, here defendant was still "within reaching distance" of the passenger compartment when the search occurred.[3] Although officers were in the process of frisking the defendant for weapons when Richardson entered the vehicle, they had yet to place defendant in handcuffs. He was, therefore, clearly "unsecured" within the meaning of *Gant*. 556 at 343.[4] However unlikely, there remained the possibility that the defendant

---

[3] *Gant* recognized "that in most cases the vehicle's passenger compartment will not be within the arrestee's reach at the time of the search." 556 U.S. at 543; *id.* n. 4 (noting that "it will be the rare case in which an officer is unable to fully effectuate an arrest so that a real possibility of access to the arrestee's vehicle remains.") This is such a "rare case," however.

[4] *Gant* did not hold that "an arrestee who is restrained in some fashion by law enforcement necessarily is secured." *United States v. Perdoma*, 621 F. 3d 745, 752 (8th Cir. 2010). Indeed, even the application of handcuffs does not eliminate the possibility that the arrestee " 'might gain possession of a [close-at-hand] weapon or destructible evidence.' " *Id.* at 750 (warrantless search of defendant's travel bag at bus terminal was "incident to his arrest" even though defendant was handcuffed at the time, as the bag was still within his reach and officers did not know how strong he was). "[H]andcuffs are not fail-safe," *United States v. Shakir*, 616 F. 3d 315, 320 (3d Cir. 2010), and numerous officers have been killed by handcuffed arrestees. *Id.* at 321. Thus, "reading *Gant* to prohibit a search incident to arrest whenever an arrestee is handcuffed would expose police to an unreasonable risk of harm." *Id.*

7

could break free from the officers, seize a weapon from the vehicle, and endanger their safety. Given defendant's known history of violence, his habit of carrying weapons at all times, and his threats to resist arrest by use of deadly force, the arresting officers were entitled to search any area within defendant's reach.

The Court finds that the safety and evidentiary interests that underpin the search-incident-to-arrest exception are clearly applicable in this case. The forcible take-down of defendant immediately next to his vehicle and the simultaneous search of that vehicle incident to his arrest were reasonable and necessary protective measures under the unique circumstances that confronted the arresting officers. Defendant's motion to suppress is without merit and should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 1st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA